NO. 07-00-0311-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 16, 2001



______________________________




JORGE ANTONIO GONZALEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;



NO. 829326; HONORABLE WILLIAM M. HATTEN, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Upon a plea of not guilty, appellant Jorge Antonio Gonzalez was convicted by a jury
of robbery and punishment was assessed by the court at two years confinement. 
Following his conviction, appellant filed his pro se notice of appeal. Both the clerk's record
and reporter's record were filed. Appellant's brief was due to be filed on November 6,
2000, but has yet to be filed. Also, no motion for extension of time has been filed.

 Therefore, we now abate this appeal, and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b) (2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter, conduct a hearing to determine the following: 

 1. whether appellant desires to prosecute the appeal; and

 2. whether appellant is indigent and entitled to appointed counsel.

 

 

The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal and is indigent, then the trial court shall also take
such measures as may be necessary to assure appellant effective assistance of counsel,
which measures may include the appointment of counsel. If counsel is appointed, the
name, address, telephone number, and state bar number of said counsel shall be included
in the order appointing counsel. Finally, the trial court shall execute findings of fact,
conclusions of law, and such orders as the court may enter regarding the aforementioned
issues, and cause its findings and conclusions to be included in a supplemental clerk's
record. A supplemental record of the hearing shall also be included in the appellate
record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by Friday, February 23, 2001.

 It is so ordered.



 Per Curiam
















































Do not publish.



t-align: center">NO. 99-430,861; HON. JIM BOB DARNELL, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Appellant Timothy R. Smith challenges his conviction of assault on a public servant
by contending the trial court erred in failing to charge the jury on the lesser-included
offense of assault. We disagree and affirm the judgment.
          To be entitled to an instruction on a lesser-included offense, there must be evidence
illustrating that appellant only committed the lesser offense.


 Bignall v. State, 887 S.W.2d
21, 22 (Tex. Crim. App. 1994). Thus, appellant may be entitled to the charge by presenting
evidence which negates the element present in the greater but absent in the lesser
offense. Morris v. State, No. 07-99-0498-CR, 2000 Tex. App. Lexis 7181 at *5 n.1 (Tex.
App.–Amarillo October 25, 2000, pet. ref’d) (not designated for publication). 
          The State was required to prove that appellant intentionally, knowingly, or recklessly
caused bodily injury to “a person the actor [knew was] a public servant while the public
servant [was] lawfully discharging an official duty . . . .” Tex. Pen. Code Ann. §22.01(a)(1)
& (b)(1) (Vernon Supp. 2007). The elements present in the greater offense that are
missing in the lesser are that appellant knew the person assaulted was a public servant
and that the assault occurred while the officer was lawfully discharging an official duty. 
          Appellant argues that the police officer was not lawfully discharging his duties at the
time of the assault here at issue. This was purportedly so because he had no legitimate
basis to detain appellant. Yet, that an attempted stop occurs without probable cause or
reasonable suspicion is irrelevant in determining whether the officer was lawfully
discharging his duties. See Hughes v. State, 897 S.W.2d 285, 298 (Tex. Crim. App. 1994)
(holding that whether the officer’s stop of the defendant was constitutionally reasonable
was not relevant to whether the officer was lawfully discharging his duties); Tucker v.
State, 114 S.W.3d 718, 723 (Tex. App.–Corpus Christi 2003, pet. ref’d) (holding that
regardless of whether an arrest was lawful or unlawful, the deputy constable was in lawful
discharge of his duties when he attempted the arrest). Given this, the foundation to
appellant’s argument is missing. 
          Appellant’s issue is overruled, and the judgment of the trial court is affirmed.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Do not publish.